UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

LORIA SANTIESTEBAN,

     Plaintiff,

v.

CLASSICA CRUISE OPERATOR LTD. INC.
d/b/a MARGARITAVILLE AT SEA,

     Defendant.

                                    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, LORIA SANTIESTEBAN, is a citizen and resident of the state of Florida, and is otherwise *sui juris.*

2. Defendant, CLASSICA CRUISE OPERATOR LTD. INC., d/b/a MARGARITAVILLE AT SEA, ("CLASSICA") is a foreign entity with its principal place of business and worldwide headquarters in Orlando, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Further, this matter is being filed in the United States District Court for the Middle District of Florida located in Orlando, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendant. Demand is made for a jury trial

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

pursuant to the Savings to Suitors Clause and *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001).

4.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

5.  Defendant, at all times material hereto, personally or through an agent:

    a.  Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.  Was engaged in substantial activity within this state;

    c.  Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

    e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f.  The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Margaritaville at Sea Islander*.

6.  Defendant is subject to the jurisdiction of the Courts of this state.

7.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

8.  At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, *Margaritaville at Sea Islander*.

9.  At all times material, the *Margaritaville at Sea Islander*, was located in navigable waters.

10.    Defendant directly participated in and approved of the designs for the interior areas of the subject vessel, including the selection of flooring materials for the public areas onboard the ship.

11.    On or about June 02, 2025[1], the Plaintiff was a fare-paying passenger on the *Margaritaville at Sea Islander*.

12.    On or about June 02, 2025, at or around 6:00 am, Plaintiff was walking towards guest services on Deck 2 in order to report food poisoning she and her son suffered aboard the vessel.

13.    When the floor transitioned from carpet to tile Plaintiff suddenly slipped and fell on wet, unreasonably slippery, and/or hazardous tiled flooring. Plaintiff was severely injured.

14.    Immediately after falling, a crew member who had been mopping the subject area placed a wet floor sign in the subject area. In a conversation among Plaintiff, the crew member, and security personnel, the crew member admitted to not placing a wet floor sign in the subject area before he began mopping.

15.    The unreasonably wet, slippery, slick, hazardous and/or dangerous nature of the flooring surfaces was not open and obvious. The Plaintiff had no way of knowing the existence of the hazardous condition and there was nothing the Plaintiff could have done to have prevented this incident.

16.    The crewmember created the hazardous condition, was close enough to see

---

[1] Defendant has agreed to extend the Statute of Limitations to August 1, 2026.

LIPCON, MARGULIES & WINKLEMAN, P.A.

and appreciate the wet surface, applied the wet substance by an unreasonable amount and manner, failed to dry the wet surface, and was in a reasonable position to adequately warn passengers in the area, including the Plaintiff, of the wet flooring, which posed a hazardous and dangerous condition.[2]

17.    The subject area constituted a dangerous condition for reasons that include, but were not limited to:

a.  The flooring surface of the subject area was wet, slippery and unreasonably slippery when wet and/or contaminated with a foreign substance;

b.  The flooring surface of the subject area was slippery and/or unreasonably slippery, even without being contaminated by the foreign substance(s) outlined above;

c.  The subject area did not have anti-slip flooring;

d.  The lack of adequate tread in the subject area increased the risk of slipping and/or falling due to insufficient traction for individuals navigating the area;

e.  The subject flooring surfaces were not adequately maintained such that anti-slip materials had worn off; and/or

f.  The subject area did not contain any signs and/or warnings and/or anti-slip mats in or around the subject area, which could have reasonably communicated to Plaintiff the foreign substance on the floor, outlined above, and/or the unreasonably slippery nature of the flooring surface in the subject area.

---

[2] The name of this crewmember is readily ascertainable by Defendant as Defendant has the daily schedules and the cleaning schedule for the subject area at all times material. Thus, this crewmember's name will be ascertained through discovery.

18. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but are not limited to:

a. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant's crewmember was mopping and/or cleaning the flooring surface of the subject area, and was working close enough to the area of the fall such that they would have seen and appreciated the wetness on reasonable inspection, which they are trained to do through Classica's training and policies. This crew member further failed to place adequate warning signs as to the wet and/or slippery flooring surface, which is violation of Defendant's own policies and procedures. Defendant's crewmembers did and/or should have observed the dangerous conditions pertaining to the subject area outlined above prior to the time of Plaintiff's incident;

b. As per Defendant's policies and procedures, Defendant's crewmembers did and/or should have continuously monitored the flooring surface of the subject area to identify and remedy hazardous conditions; had Defendant and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injury;

c. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant installed video cameras to monitor the subject

area; had Defendant reasonably monitored the subject area via those cameras, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injury; and/or

d. The Defendant knew of the dangerous conditions aboard the vessel, which caused Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or prior incident(s) involving slip and falls on exterior decks. *See Stacy Wipper v. Classico Cruise Operator ltd.*, Case no.: 1:25cv22662, (S.D. Fla. 2025)(the plaintiff was on deck 10 when she slipped and fell in an area that was being cleaned by a crewmember who failed to place warnings in the area while cleaning, and failed to dry the subject area. The plaintiff in *Wipper* sustained severe injuries. Similarly, in the present case, Plaintiff slipped and fell on a wet and/or slippery flooring surface that was being cleaned and Plaintiff sustained severe injuries. Like the prior incident, the fall occurred in an area where passengers were expected to be, and the hazardous conditions were not

visible or properly marked, making the injury reasonably foreseeable to Defendant).

## COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

19.   At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

20.   At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

21.   On or about June 02, 2025, the Plaintiff was walking towards guest services on Deck 2, when she slipped and fell, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

22.   On or about June 2, 2025, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a.  Failure to adequately warn the Plaintiff of the unreasonably wet, slippery, slick, hazardous and/or dangerous flooring surface(s) in the subject area;

   b.  Failure to adequately warn the Plaintiff of the dangers posed by the raised, wet, and/or slippery flooring surface in the subject area;

   c.  Failure to adequately warn passengers and Plaintiff of other similar falls previously occurring on or about similar flooring surfaces and/or

transitions from carpet to tile on board the *Margaritaville at Sea*;

d. Failure to adequately warn the Plaintiff of the existence of slip and fall/hazardous conditions at or near the guest services deck, including the transition from carpet to tile floor, and/or slippery flooring surface(s);

e. Failure to adequately place warning signs, stickers, lights, and other visual and written notices on or near the subject area alerting passengers of the dangerous conditions, including, but not limited to, the unreasonably slippery flooring surfaces;

f. Failure to post adequate warnings in ship materials (e.g. safety brochures, daily newsletters, videos, or apps) about slip and fall risks in known areas of most potential slip and falls, including the transition from carpet to tile near the guest services deck;

g. Failure to sufficiently warn the Plaintiff of the wet, dirty, and/or slippery condition(s) of the subject area, via use of warning signs, cones or other means;

h. Failure to sufficiently warn the Plaintiff of the risks and/or dangers associated with the wet, dirty, and/or slippery condition of the subject area, including but not limited to the hazardous co-efficiency of friction in light of the wet, dirty, and/or slippery condition of the flooring surfaces;

i. Failure to sufficiently warn passengers and the Plaintiff of other slip and fall accidents which previously occurred in the same area, on the same deck and/or on the same flooring surface as Plaintiff's incident; and/or

j. Any other acts or omissions which are revealed through discovery.

23. All or some of the above acts and/or omissions directly caused and/or contributed to the incident because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

24. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Additionally, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area. *See infra ¶ 17.*

25. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, loss of impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests an advisory jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

26. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

27. At all times material hereto, it was the duty of Defendant to maintain the vessel, including

the subject area in a reasonably safe condition.

28. On or about June 2, 2025, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately maintain the subject flooring surfaces free of slippery substances accumulating on the subject flooring surfaces;

   b. Failure to adequately inspect the area where Plaintiff's incident occurred for slipping hazards;

   c. Failure to adequately inspect the subject area to make sure there was no accumulation of liquid, knowing the area was prone to becoming slippery when wet;

   d. Failure to reasonably clean and/or dry the subject area so as to reasonably maintain it in a clean and/or dry and/or non-slippery condition; and/or

   e. Any other acts or omissions which are revealed through discovery.

29. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

30. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct them, or the foregoing dangerous conditions existed for a sufficient length of time so that

Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area. *See infra ¶¶* 17.

31.    As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.    The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under

the law against Defendant and requests an advisory jury.

## COUNT III – GENERAL NEGLIGENCE

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

32.    At all times material it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

33.    On or about June 2, 2025, Defendant and/or its agents, servants, and/or

employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

34. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants and/or employees as follows:

a. Failure to provide its passengers, such as the Plaintiff, with reasonable care under the circumstances;

b. Failure to provide safe passage aboard its vessel, the *Margaritaville at Sea*;

c. Failure to provide and/or utilize a reasonably safe walking/flooring surfaces in light of the anticipated use of the subject area;

d. Failure to properly mark the hazards in the area so as to adequately call passengers attention to them;

e. Failure to close off and/or place signs on or around the wet, dirty, and/or slippery parts of the subject area to keep passengers, including the Plaintiff, away from the dangerous conditions outlined above;

f. Failure to adequately and regularly clean and dry the subject area;

g. Failure to correct hazardous conditions following prior slip and fall incidents in the same area, on the same deck and/or the same flooring surface;

h. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface around the subject area before opening it up to passengers and the Plaintiff; and/or

i. Other acts or omissions constituting a breach of duty to use reasonable care under the circumstances which are revealed through discovery.

35. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the

incident because Plaintiff's incident would not have occurred but for the above acts and/or omissions.

36. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area. *See infra ¶¶* 17.

37. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests an advisory jury.

## COUNT IV- VICARIOUS LIABILITY FOR NEGLIGENT FAILURE TO WARN UNDER *RESPONDEAT SUPERIOR*

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

38. This count is brought against CLASSICA for vicarious liability for the active negligence of its employees for their failure to warn passengers, including Plaintiff, of its hazards, risks, or dangers onboard the *Islander*.

39. CLASSICA owed a duty to exercise reasonable care for the safety of its passengers by and through its employees onboard its ships.

40. At all times material, the crewmember who was working and cleaning the floors in the immediate vicinity of the incident, at the time of Plaintiff's injuries, aboard the *Islander* was an employee and/or agent of Defendant, acting within the scope of their employment. Classica is therefore vicariously liable for the active negligence of its crew for their negligent failure to warn passengers, including Plaintiff, of known hazards, risks, or dangers in areas aboard the *Islander* where passengers are invited or may reasonably be expected to visit. At the time of the incident, CLASSICA had a crewmember assigned to clean the flooring surfaces of the area where Plaintiff slipped and fell and was injured.

41.   Classica's crew had a duty of care which includes warning passengers of dangerous and hazardous conditions and circumstances that it knows its passengers will encounter on the ship.

42.   Notice is not required for employee negligent acts. A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021). The negligent acts from the CLASSICA crew assigned to monitor, clean, and dry the flooring surface of the subject and warn passengers of hazardous conditions caused Plaintiff to slip and fall and injure herself.

43.   CLASSICA trains all of its crew to be monitoring the floor or decks of the ships at all times. Therefore, the crew working in the area had the duty to be monitoring the area for spills and warning passengers of wet areas accordingly. The CLASSICA crewmember failed to follow CLASSICA's own policy concerning wet floors on which it trains its crew.

44.   Classica's crewmember that was cleaning the flooring surface in the area of Plaintiff's slip and fall incident breached their duty to warn Plaintiff in one or more of the following ways:

   a.   Failure of the crewmember cleaning the subject area to adequately warn passengers, including the Plaintiff, of the hazardous condition of the deck area as it was not in a safe condition for passenger use;

   b.   Failure to adequately warn passengers, including the Plaintiff, that the floor was wet and being cleaned, and not safe for passenger use;

c. Failure to identify the dangerous condition in real time and alert the passengers, including the Plaintiff, in the area of the dangerous conditions;

d. Failure to adequately post or maintain adequate signage in the subject area where it was wet and known to become dangerous; and/or

e. Failure to adequately warn and provide re-route foot traffic and access to known hazardous areas.

45. CLASSICA is vicariously liable, under the doctrine of respondeat superior, for the negligent acts and omissions that were committed by the employees and/or agents of CLASSICA while acting within the course and scope of their employment and in furtherance of CLASSICA's business. This includes, but is not limited to, the acts and omissions of the CLASSICA crewmember that was on duty and cleaning the flooring surface in the area where Plaintiff was injured.

46. CLASSICA employee's negligent failure to warn Plaintiff of the dangerous condition was the proximate cause of Plaintiff's injury, because if he had been properly warned of the wet floors and/or its propensity to become slippery when wet, the Plaintiff would have avoided the area by taking another route.

47. As a direct and proximate result of the subject crewmember's negligent acts described above, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries,

suffered physical handicap, and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

## COUNT V- VICARIOUS LIABILITY FOR NEGLIGENT FAILURE TO INSPECT/MAINTAIN UNDER *RESPONDEAT SUPERIOR*

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

48.   This count is brought against CLASSICA for vicarious liability for the active negligence of its employees for their failure to adequately inspect, clean and/or maintain the subject area aboard the *Islander* and verify it was safe for passenger use.

49.   CLASSICA owed a duty to exercise reasonable care for the safety of its passengers by and through its employees onboard its ships.

50.   At all times material, the crewmember who was working and cleaning the floors in the immediate vicinity of the incident, at the time of Plaintiff's injuries, aboard the *Islander* owed a duty of care to protect the passengers from injuries while cleaning the flooring surfaces of the subject area.

51.   CLASSICA trains all of its crew to monitor the floor or decks of the ships at all times. CLASSICA further trains its crew that while cleaning floors, adequate warnings should be provided to passengers. Therefore, the crew

working in the area had the duty to monitor the area for hazardous accumulations of liquid and warning passengers of wet areas accordingly. The CLASSICA crewmember nearby Plaintiff's incident failed to follow Classica's own policies on which it trains its crew and failed to adequately clean the subject area such that it was safe for passengers, like Plaintiff, to safely traverse the area.

52. At all times material, the crewmember who was working and cleaning the floors in the immediate vicinity of the incident, at the time of Plaintiff's injuries, aboard the *Islander* was an employee and/or agent of Defendant, acting within the scope of their employment. Classica is therefore vicariously liable for the active negligence of its crew for their negligent failure to warn passengers, including Plaintiff, of known hazards, risks, or dangers in areas aboard the *Islander* where passengers are invited or may reasonably be expected to visit. At the time of the incident, CLASSICA had a crewmember assigned to inspect, maintain, clean, and/or dry the flooring surfaces of the subject area where Plaintiff slipped and fell and was injured. This Classica crewmember was close enough to the area where Plaintiff slipped and fell that they would have been able to see and appreciate the wet area on reasonable inspection, for which they were on duty, and should have cleaned to a degree that was not unreasonably wet, and/or dry for passenger use.

53. Notice is not required for employee negligent acts. A passenger is not required to establish that a shipowner had actual or constructive notice of a

risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021). The negligent acts from the CLASSICA crew assigned to monitor, clean, and dry the flooring surface in the subject area caused Plaintiff to slip and fall and injure himself.

54. Classica's crewmember that was cleaning the flooring surface in the area of Plaintiff's slip and fall incident breached their duty to warn Plaintiff in one or more of the following ways:

   a. Failure to adequately inspect the subject area and ensure it was safe for passenger use;

   b. Failure to adequately block off the area Classica's crewmember recently cleaned;

   c. Failure to adequately clean and/or dry the subject flooring surface prior to allowing passengers to use the subject area;

   d. Failure to adequately maintain the subject area and eliminate hazards, like slippery and wet substances; and/or

   e. Failure to adequately clean the subject area, including, but not limited to, applying an adequate amount of liquid such that the floors would not be too wet and/or slippery, and/or dry in a timely fashion.

55. CLASSICA is vicariously liable, under the doctrine of respondeat superior, for the negligent acts and omissions that were committed by the employees and/or agents of CLASSICA while acting within the course and scope of their employment and in furtherance of CLASSICA's business. This includes, but is not limited to, the acts and omissions of the CLASSICA crewmember that

was on duty in the subject area and cleaning the flooring surface in the area where Plaintiff was injured.

56.   CLASSICA employee's negligent failure to adequately inspect, clean and/or maintain the deck and/or flooring surfaces and to verify it was safe for passenger use was the proximate cause of Plaintiff's injuries, because Plaintiff's injury would not have occurred but for Classica's crewmember who was cleaning the subject area's failure to adequately inspect and/or maintain the subject area.

57.   As a direct and proximate result of the subject crewmember's negligent acts described above, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests an advisory jury.

Dated: July 14, 2026.

- 21 -

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd, Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:  */s/ Geoffrey E. Probst*
   **GEOFFREY E. PROBST**
   Florida Bar No. 505498
   gprobst@lipcon.com